OPINION
Defendant-appellant Steven D. Johnson appeals from his conviction and sentence on two counts of Felonious Assault with a Deadly Weapon, and one count of Burglary. He was originally sentenced to two consecutive terms of seven years, each, on the two counts of Felonious Assault, to be served concurrently with an 18-month sentence on the Burglary count. On appeal from that conviction and sentence, we reversed the judgment, and remanded the cause solely for the purposes of re-sentencing Johnson, upon the grounds that the trial court had failed to make the requisite factual findings. On remand, a different trial judge imposed a sentence of two consecutive terms of eight years, each, on the two Felonious Assault convictions, to be served concurrently with the Burglary sentence. From this conviction and sentence, Johnson appeals, contending that, pursuant to North Carolina v. Pearce (1969), 395 U.S. 711, 89 S.Ct. 2072,23 L.Ed.2d 656, the harsher sentence on remand is presumptively vindictive, and the record has failed to dispel that presumption of vindictiveness.
We conclude that the presumption of vindictiveness pursuant to NorthCarolina v. Pearce, supra, does not apply in this case, where a different trial judge, who is not required to preside over a new trial, imposes a harsher sentence, and explains on the record the reasons for the sentence. Because we find nothing in the record to suggest that the harsher sentence is the product of vindictiveness on the part of the trial judge, the judgment of the trial court is Affirmed.
 I
Johnson's sole assignment of error is as follows:
 "THE TRIAL COURT VIOLATED DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS WHEN IT IMPOSED A HARSHER SENTENCE UPON DEFENDANT-APPELLANT AFTER A SUCCESSFUL APPEAL."
Johnson relies upon North Carolina v. Pearce, supra, in which the following was held:
"In order to assure the absence of such a motivation [vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." Id., at 395 U.S. 726,89 S.Ct. 2081.
In the case before us, the trial judge who re-sentenced Johnson entered certain findings, as follows:
 "1. From the time of his crime on June 19, 1999, to the time of his original sentence on June 15, 2000, the Defendant showed no remorse. After serving almost one full year in prison the Defendant still fails to show remorse.
 "2. Although the Defendant was doing drugs and drinking heavily on the night of the offense after previously showing a pattern of drug and alcohol abuse, while in prison the Defendant has failed to take advantage of any psychological, psychiatric, or substance abuse services and is currently on no waiting list for such services. Although the Defendant is working toward a GED, his failure to confront the behaviors which placed him in prison make rehabilitation an impossibility. Without rehabilitation, Defendant is more likely to continue his previous behavior upon release.
 "3. At the time of the original sentence it was not known the economic damage which resulted to [C.M.], the victim who received fewer stabbing injuries. It is now known that her medical expenses exceeded $15,000.00 while the expenses of the other victim [E.D], exceeded $16,000.00. We also now have a clearer picture of the psychological damage done to these women who continue to fear going to sleep at night, who place multiple locks on their doors, who do not list their phone numbers, who are afraid when they see a man walking down the street whom they don't know, and who are fearful of making new friends. One victim moved away from her family to a small town looking for safety, and the other fears that when Mr. Johnson leaves prison she will need to move from the State of Ohio due to fear. Both victims have received psychological counseling and have experienced depression as a result of Mr. Johnson's brutal assault."
While the above-quoted findings entered by the trial court provide a satisfactory explanation of its decision to impose a harsher sentence upon remand, the factual data upon which the increased sentence is based has not been made part of the record. The only one of the three findings quoted above that might arguably be supported by facts in the record is the second finding, since there is a "Supplemental Report to Presentence Investigation," in which it is recited that: "[Johnson] is currently a General Equivalency Diploma (GED) student at the institution. He has not completed, is not currently attending, or is not on the waiting list for any other institutional programming at this time." However, missing from that report is any indication that "psychological, psychiatric, or substance abuse services" are available to Johnson in prison. The essence of the trial court's second finding, quoted above, is that Johnson "has failed to take advantage of" services that might ameliorate his pattern of drug and alcohol abuse. This could only be considered a "failure," on Johnson's part, if these services were available to him, and this fact is not established in the record.
Because "the factual data upon which the increased sentence is based," have not been made a part of the record, if the presumption of vindictiveness provided for in North Carolina vs. Pearce, supra, is applicable in this case, then Johnson's assignment of error is well-taken.
We conclude that the presumption of vindictiveness provided for inNorth Carolina v. Pearce, supra, is not applicable in this case. We base this conclusion upon the fact that a different trial judge, not the same trial judge, imposed the harsher sentence. Accord, see State v. Aguire
(June 14, 2000), Lorain App. No. 99 CA 7434.In coming to this conclusion, we have found the discussion in Texas v. McCullough (1986),475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104, to be helpful. In that case, a defendant, having been convicted of murder, was sentenced by a jury, under Texas law, to 20 years' imprisonment. The same trial judge who presided over the trial granted the defendant's motion for a new trial, based upon prosecutorial misconduct. The defendant was retried by a jury, with the same trial judge presiding, and was again found guilty. The defendant elected to have the trial judge impose sentence. The trial judge imposed a sentence of 50 years' imprisonment.
The United States Supreme Court held that the presumption of vindictiveness provided for in North Carolina v. Pearce, supra, did not apply.
The first ground upon which the United States Supreme Court based its distinction from the circumstances in North Carolina v. Pearce, supra,
has no application to the case before us. That basis for distinguishingNorth Carolina v. Pearce was that the retrial had not been necessitated as a result of the action of a higher court, but as a result of the sentencing trial judge's having agreed with the defendant that there was prosecutorial misconduct in the original trial, requiring the granting of a new trial. Texas v. McCullough, supra, at 138-139.
The second ground upon which the United States Supreme Court distinguished North Carolina v. Pearce, supra, is applicable to the case before us. That ground was expressed by the United States Supreme Court as follows:
 "The presumption is also inapplicable because different sentencers assessed the varying sentences that McCullough received. In such circumstances, a sentence `increase' cannot truly be said to have taken place. In Colten v. Kentucky [1972, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584], which bears directly on this case, we recognize that when different sentencers are involved, `[i]t may often be that the [second sentencer] will impose a punishment more severe than that received from the [first]. But it no more follows that such a sentence is a vindictive penalty for seeking a [new] trial than that the [first sentencer] imposed a lenient penalty.' [citation omitted.]
"Here, the second sentencer provides an on-the-record, wholly logical, nonvindictive reason for the sentence. We read Pearce to require no more particularly since trial judges must be accorded broad discretion in sentencing [citation omitted]. "In this case, the trial judge stated candidly her belief that the 20-year sentence respondent received initially was unduly lenient in light of significant evidence not before the sentencing jury in the first trial. On this record, that appraisal cannot be faulted. In any event, nothing in the Constitution prohibits a state from permitting such discretion to play a role in sentencing. [footnote omitted]" Texas v. McCullough, supra, at 140.
In the footnote omitted above, footnote 3, the United States Supreme Court noted that although North Carolina v. Pearce, itself, apparently involved different judges presiding over the two trials, that fact "may not have been drawn to the Court's attention and does not appear anywhere in the Court's opinion in Pearce." In that footnote, and in the subsequent footnote, footnote 4, it is apparent that the United States Supreme Court does not regard its decision in North Carolina v. Pearce to control cases in which different sentencing judges are involved, notwithstanding the fact that this was apparently the situation in NorthCarolina v. Pearce. In the case before us, as in Texas v. McCullough,supra, the trial judge who has imposed the harsher sentence has provided a satisfactory explanation, on the record, of his reason for imposing the harsher sentence.
We see no reason, in the case before us, for imposing the full presumption of vindictiveness provided for in North Carolina v. Pearce,supra. The likelihood of institutional vindictiveness is diminished in this case because the trial judge, upon remand, has not been put to the necessity of presiding over a new trial. The trial judge has been put to the much less onerous task of re-sentencing the defendant. The likelihood of personal vindictiveness is diminished because the trial judge who imposed the harsher sentence on remand is not the same trial judge who imposed the original sentence. We conclude, therefore, that the presumption of vindictiveness does not apply in this case.
Even though a presumption of vindictiveness does not apply, a defendant may nevertheless seek to demonstrate, from the record, that the harsher sentence is the product of judicial vindictiveness. We have reviewed the entire record in this case, and we are satisfied that the harsher sentence is not the product of judicial vindictiveness. The re-sentencing judge said, at the sentencing hearing, that he would have imposed a harsher sentence initially, based upon the horrific nature of the assaults in this case. In a written entry, the re-sentencing judge has pointed to facts occurring after the initial sentencing, as justification for a harsher sentence. These facts include the defendant's continuing lack of remorse, his failure to seek assistance for his problem with drug and alcohol dependence, and the continuing and extensive psychological injury to the victims. Based upon our review of the record, we are satisfied that the trial judge's reasons for imposing a harsher sentence, upon remand, were not the product of judicial vindictiveness. Johnson's sole assignment of error is overruled.
 II
Johnson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., and BROGAN, J., concur.